IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| AKARI S. WILLIAMS | § | |
| VS. | § | CIVIL ACTION NO. 1:23-CV-155 |
| WARDEN, FCI BEAUMONT | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Akari S. Williams, a prisoner confined at the Federal Correctional Institution in Beaumont, Texas, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

The Petition was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Petitioner is in custody pursuant to a judgment entered in the United States District Court for the Eastern District of Louisiana in cause number 2:14-CR-153. On July 25, 2014, a federal grand jury returned an indictment charging Petitioner and two co-defendants with controlled substance offenses. Petitioner was charged with conspiracy to distribute and possess with the intent to distribute 500 grams or more of a substance containing methamphetamine and knowingly and intentionally possessing with the intent to distribute 500 grams or more of a substance containing a detectable amount of methamphetamine. A jury found Petitioner guilty of both counts, and he was sentenced to 188 months of imprisonment.

Petitioner appealed the judgment, arguing that the district court erred by denying his motion to suppress, that there was insufficient evidence to support his conviction, and that the district court

should have excluded testimony regarding other packages. The United States Court of Appeals summarized the evidence as follows:

> In May 2014, the owner of a UPS store in Riverside, California opened a package she believed to be suspicious and likely a drug package. She later testified that she reported approximately one suspicious package to law enforcement per month, and would receive a reward of $50 per package. She also testified that she would often open such packages herself. The store owner believed the instant package was suspicious because it was overly taped and was expensive to ship. The store owner cut the package open, noticed a chemical odor, and called the San Bernardino County Sheriff's Department.
>
> A deputy sheriff responded to the call. After obtaining a warrant, the deputy opened the package and found paint cans wrapped in cellophane that contained more than three pounds of methamphetamine. Because the package was destined for Houma, Louisiana, the Deputy contacted local law enforcement in the area. They agreed that the package should be shipped to Louisiana.
>
> When the package arrived in Houma, deputies executed a controlled delivery to the address listed on the package. Officers placed a microphone and iPhone inside the package. Those items would alert them when the package was opened and would capture images of whoever opened it. The package, addressed to John Lirette, was delivered to his address by an undercover agent, where it was accepted by an individual the agents identified as Kerry John Lirette. Lirette got in his car with the package and drove to a house less than a quarter of a mile away. Inside that house, Williams and Lirette opened the box a few moments later, triggering the alert to law enforcement. Williams's cousin, who was in the house at the time, testified that Lirette walked into the house with the package and into a room with Williams separate from other rooms in the house. After opening the package, Williams and Lirette went toward the bathroom while Williams said "Man, flush it. Flush it," and Lirette responded that he could not open the paint can in which the drugs were stored. A SWAT team then moved in and detained everyone insider the home, including Lirette and Williams, and recovered the drugs law enforcement had delivered as well as several weapons and cash.
>
> During the raid, law enforcement also seized Williams's cell phone. After obtaining a warrant, law enforcement searched the cell phone and found text messages between Williams's phone and the phone number listed on the shipping label of the package. These text messages included the tracking number and payment information for the methamphetamine package law enforcement had just delivered. The other phone number in this exchange belonged to Philips Thompson, who police intercepted when he landed at the New Orleans airport on his return from Los Angeles. After

>obtaining a warrant to search Thompson's cell phone, police found tracking numbers for other packages.

*United States v. Williams*, 774 F. App'x 871, 872-73 (5th Cir. 2019). The United States Court of Appeals for the Fifth Circuit affirmed the judgment.

Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Petitioner argued that his trial attorney provided ineffective assistance of counsel by failing to move to suppress evidence. On June 2, 2020, the district court denied the Motion. Petitioner filed a Notice of Appeal, but the Fifth Circuit denied a certificate of appealability.

## The Petition

Petitioner contends that he is actually innocent based on newly discovered evidence. Petitioner submitted the affidavit of a co-defendant who stated under penalty of perjury that he mistakenly mailed a box of methamphetamine to Petitioner instead of a box containing glass pipes, which he intended to mail to Petitioner. Petitioner asserts that he was unable to raise this issue in his § 2255 Motion because he received the affidavit after the judgment denying the Motion was entered.

## Analysis

Title 28 U.S.C. § 2255 provides the primary means of collaterally attacking a federal conviction and sentence. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Section 2241 is correctly used to attack the manner in which a sentence is executed. *Id*. A petition for writ of habeas corpus is not a substitute for a motion to vacate sentence pursuant to § 2255. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

The "savings clause" of § 2255 allows a prisoner to use § 2241 as the vehicle for attacking a federal conviction only if it appears that the remedy by § 2255 motion "is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The savings clause offers relief in "extremely limited circumstances."  *Hammoud v. Ma'at*, 49 F.4th 874, 879 (5th Cir. 2022) (quoting *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).  Petitioner bears the burden of proving the inadequacy or ineffectiveness of a motion under § 2255.  *Jeffers*, 253 F.3d at 830.  A prior unsuccessful § 2255 motion, or the inability to meet the requirements for filing a successive § 2255 motion, does not make § 2255 an inadequate or ineffective remedy.  *Tolliver*, 211 F.3d at 878.  Further, an intervening change in statutory interpretation is insufficient to invoke the savings clause.  *Jones v. Hendrix*, 599 U.S. 465, __ , 143 S. Ct. 1857, 1864 (2023).

Because Movant previously filed a § 2255 motion, he is barred from filing a successive motion unless it relies on newly discovered evidence or a new rule of constitutional law.  28 U.S.C. § 2255(h).  In this case, Movant argues that he is entitled to relief based on newly discovered evidence.  The bar on filing successive § 2255 motions does not apply to claims involving newly discovered evidence.  Therefore, Petitioner has an available remedy–to request authorization from the Fifth Circuit to file a successive § 2255 motion.  As a result, this Petition should be dismissed.

## Recommendation

This Petition for Writ of Habeas Corpus should be dismissed.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court, except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 31st day of October, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE